**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL ALVARADO MARTINEZ;** | ) | |
| **ALEXANDRO PEREZ;** | ) | |
| **NELSON EGUIZABAL BRITO;** | ) | |
| **CARLOS CASTRO; and** | ) | |
| **ALEXIS MARQUEZ,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO.: 3:18-CV-00583** |
| | ) | |
| **v.** | ) | |
| | ) | **JUDGE RICHARDSON** |
| **FIRST CLASS INTERIORS OF NAPLES,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **LLC; JOSE ROBERTO REYES** | ) | |
| **Individually and d/b/a** | ) | |
| **FIRST CLASS INTERIORS** | ) | |
| **OF NAPLES, LLC; and** | ) | |
| **MR. DRYWALL SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANT MR DRYWALL SERVICES, L.L.C.'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DEFER CONSIDERATION OF OR DENY PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

---

Defendant MR DRYWALL SERVICES, L.L.C. ("MRD"), by and through its undersigned counsel, hereby files this memorandum of law, in support of its motion, under Fed. R. Civ. P. 56(d), because there was not a full and fair opportunity to conduct adequate discovery prior to Plaintiffs filing their Motion for Summary Judgment (Doc. Nos. 210; 211; 212; 213) (the "Motion"):

**<u>INTRODUCTION</u>**

Plaintiffs' timing for filing the Motion suggests Plaintiffs strategically hope to obtain summary judgment before any resolution as to the pending discovery disputes and before MRD has a full and fair opportunity to conduct adequate discovery. MRD diligently sought discovery,

1

but the circumstances involving co-defendants, the collective nature of this case, Plaintiffs' failure to respond to multiple discovery requests, Plaintiffs' attempts to thwart MRD's efforts to bring discovery issues before the Court, and the numerous discovery motions pending before the Court prevented MRD from conducting adequate discovery prior to Plaintiffs filing their Motion.

Plaintiffs are workers of Defendant First Class Interiors of Naples, LLC's ("FCI"). Plaintiffs claim MRD violated the Fair Labor Standard Act ("FLSA"), but MRD is <u>not</u> Plaintiffs' employer. The Court conditionally certified a class of opt-in plaintiffs ("Class Members"). Plaintiffs are included within Class Members. The deadline to file any motion for decertification has not passed and no final certification occurred. MRD is not Class Members' employer, and MRD is seeking discovery as to the following fact-intensive issues in this lawsuit: (1) facts showing MRD was not Plaintiffs' or Class Members' employer; (2) whether Plaintiffs' or Class Members' are, in fact, similarly situated for purposes of decertification; (3) facts as to MRD's affirmative defenses; and (4) facts as to Plaintiffs' and Class Members' alleged damages. Discovery motions pertaining to all these issues are pending before the Court. To date, Class Members have not answered any written discovery.[1]

On April 17, 2020, the Court found good cause to continue this case's deadlines based on, among other things, the multiple pending discovery dispute motions, the Court finding FCI to be in contempt, and Defendant Jose Roberto Reyes ("Reyes") filed for bankruptcy. (Doc. No. 207). Ten days after the Court's order continuing the deadlines, Plaintiffs filed the Motion while the discovery dispute motions remain pending. Plaintiffs' Motion is premature and forces MRD to file this motion to show its need to obtain discovery, which is required for MRD to obtain a full

---

[1] Plaintiffs also objected to all the written discovery served by Defendants FCI and Reyes on Class Members. (Doc. No. 152). FCI and Reyes have not sought any remedy from the Court.

and fair opportunity to conduct adequate discovery, and such discovery could change the outcome of Plaintiffs' Motion.

For five reasons, MRD respectfully requests this Court allow MRD time to take discovery and deny the Motion or defer consideration of the Motion until MRD has a full and fair opportunity to complete the discovery identified in the accompanying declaration. *First*, MRD has not been dilatory in seeking the discovery that it needs to respond to the Motion. *Second*, MRD sought discovery as soon as reasonably practicable. *Third*, MRD's desired discovery could change the outcome if Plaintiffs prevail on the Motion. *Fourth*, the discovery period has not been unreasonably long in light of the complex, fact-intensive nature of this case, the discovery disputes, FCI's contempt, and Reyes' bankruptcy filing. *Fifth*, Plaintiffs have been unresponsive to MRD's discovery requests.

## STATEMENT OF FACTS

### A. Background.

This case stems from MRD's contract with Skanska USA Building, Inc. ("Skanska") to provide drywall services for the construction of the JW Marriott hotel in downtown Nashville, Tennessee (the "Project"). MRD subcontracted with FCI for FCI to provide labor. Reyes is FCI's principal. Plaintiffs and Class Members worked for FCI.

Plaintiffs' Complaint is against Reyes, FCI, and MRD. Count I is the only claim asserted against MRD in this case. (Doc. No. 1, PageID # 13).[2] Through Count I, Plaintiffs seek to establish MRD is Plaintiffs' and Class Members' employer for FLSA violation allegations (Doc. No. 1 ¶¶ 64.a, 74), yet MRD is not their employer, and showing it requires fact-intensive discovery.

---

[2] In Doc. No. 208 at PageID # 1897, Plaintiffs state Count II is against MRD. It is not. Count II is only asserted against FCI and Reyes: "Plaintiffs Castro and Martinez bring this claim . . . *against Defendants First Class and Reyes*." (Doc. No 1 ¶ 86) (emphasis added).

**B. The Court Extended the Case Deadlines After Granting Conditional Certification.**

On September 6, 2019, the Court granted, in part, Plaintiffs' Motion for Conditional Certification of this Case as a Collective Action ("Motion for Conditional Certification"). (Doc No. 98). The Court granted an opt-in period of two weeks and Plaintiffs filed their last set of Opt-In Consent Forms on September 20, 2019. (Doc. Nos. 98; 99; 101). Overall, 117 persons allegedly executed an Opt-In Consent Form, including the five Named Plaintiffs. (Doc. Nos. 99; 101).

Granting the Motion for Conditional Certification changed this case's posture; the trial date and pretrial deadlines were no longer tenable. (Doc. No. 100). On September 18, 2019, the parties requested to extend the pretrial and trial deadlines. (Doc. No. 100). On September 26, 2019, the Court ordered the parties to confer and set new deadlines. (Doc. No. 102). On September 27, 2019, a Case Management Conference ("CMC") was scheduled for October 10, 2019 (Doc. No. 103), which resulted in the Court's Amended Case Management Order (Doc No. 110) ("Amended CMO") extending the deadlines for this case.

The Amended CMO set a new discovery deadline, a deadline to serve written discovery on Class Members, a new deadline for dispositive motions, and a new deadline for any motion for decertification. (Doc. No. 110). The Court's October 10, 2019 Amended CMO stated that "[b]y agreement, the defendants shall serve written discovery on the opt-in plaintiffs by **October 18, 2019**." (Doc. No. 110 at E) (emphasis in original).

**C. Plaintiffs Seek to Avoid MRD's Written Discovery to Plaintiffs and Class Members.**

On October 4, 2019, MRD served discovery on the five Named Plaintiffs ("10/4 Named Plaintiffs Requests"). (Doc. No. 163 at PageID # 1432). The 10/4 Named Plaintiffs Requests are substantially similar and seek production of documents that will uncover material facts as to the

4

issues in the Motion and to rebut Plaintiffs' Motion. (Doc No. 163, PageID, #1432–33); Declaration of Steven Douglas Weber, dated May 8, 2020 ("Weber Decl."), ¶ 12.

In addition, on October 7, 2019, MRD served discovery on three of the five Named Plaintiffs based on their affidavits supporting Plaintiffs' Motion for Conditional Certification. (Doc No. 163, PageID, #1433) ("10/7 Named Plaintiffs Requests"). These requests also seek production of documents that will uncover material facts as to the issues in the Motion and to rebut Plaintiffs' Motion. *Id*.; Weber Decl., ¶ 12. The 10/4 Named Plaintiffs Requests and 10/7 Named Plaintiffs Requests are collectively, the "Named Plaintiffs Discovery."

On October 18, 2019, MRD served written discovery on all 117 Class Members as permitted by the Amended CMO (the "Class Members Discovery"). (Doc No. 163, PageID, #1433). The Class Members Discovery consists of thirty-one requests for production and twenty-two interrogatories, each to be answered by the 117 Class Members. *Id.* The Class Members Discovery seeks production of documents that will uncover material facts as to the issues in the Motion and to rebut Plaintiffs' Motion. *Id*.; Weber Decl., ¶ 12.

On November 1, 2019, Plaintiffs filed their first motion for protective order in response to the Named Plaintiffs Discovery and Class Members Discovery ("First Motion for Protective Order"). (Doc. Nos. 116, 117). On December 20, 2019, the Court denied Plaintiffs' First Motion for Protective Order, without prejudice, because "Plaintiffs have not made the 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements,' or identified their objections to the discovery requests with enough specificity for the Court to evaluate their motion." (Doc. No. 142 at 2, 3).

On January 10, 2020, Plaintiffs filed their renewed motion for protective order regarding the Named Plaintiffs Discovery and Class Members Discovery ("Second Motion for Protective

5

Order"). (Doc. Nos. 156, 157). The Second Motion for Protective Order seeks to prevent answers to the Named Plaintiffs Discovery and Class Members Discovery. *Id.* The Second Motion for Protective Order is pending, should be denied, and MRD has not received any written discovery from Class Members.

**D. Plaintiffs Prevented the Depositions of Class Members.**

MRD has stated its intent to depose each of the Class Members. (Doc. No. 109, PageID# 802). However, MRD wants answers to its written discovery before those depositions. Weber Decl., ¶ 9.e.

On January 7, 2020, MRD and Plaintiffs filed a Joint Discovery Dispute Statement whereby MRD reiterated its intent to decertify the conditionally certified classes and desire to depose Class Members in furtherance of decertification. (Doc. No. 148). MRD then filed its motion to compel, and for leave to take, the depositions of the 117 Class Members ("Motion for Leave to Take More Than 10 Depositions"), which is also pending. (Doc. No. 158). MRD seeks those depositions of Class Members because taking their depositions is essential for any motion for decertification, for the merits of this case, and to rebut the Motion. (Doc. No. 159). Weber Decl., ¶ 10.

**E. Plaintiffs Prevented Plaintiffs' Depositions.**

MRD also wants to depose Plaintiffs' after obtaining written discovery. Weber Decl., ¶ 9.f. By mid-February 2020, the above discovery motions were still pending, so MRD tried to schedule Plaintiffs' depositions in case the Court ruled on the discovery disputes before the March 13, 2020 Discovery Deadline. (Doc. No. 173). Plaintiffs argued MRD's request to depose the five Named Plaintiffs is barred by, among other things, the pending discovery disputes and the Court's consideration of MRD's pending Motion for Leave to Take More Than 10 Depositions

(Doc. Nos. 158; 159), and thus, cannot be taken.  Yet, MRD believes it should be entitled to depose Plaintiffs regardless of the outcome of the Motion for Leave to Take More Than 10 Depositions. Plaintiffs would not provide their availability for a discovery conference with the Court on this issue (Doc. No. 175) and later filed an unauthorized motion for protective order two business (2) days before the properly noticed depositions.  (Doc. Nos. 188; 189; 196 at PageID # 1796). Plaintiffs did not appear for their depositions, MRD incurred costs, and that issue is pending before the Court.  (Doc. No. 200).  Plaintiffs argued the pending discovery disputes weighed against the depositions even though Plaintiffs opposed MRD's request to extend the existing case management deadlines due to those same pending discovery disputes.  (Doc. No. 196 at PageID # 1793–94).

During a case status conference call on May 1, 2020 (Doc. No. 207), Plaintiffs appeared to confirm that MRD's Motion for Leave to Take More Than 10 Depositions did not prevent the depositions of Plaintiffs because Plaintiffs seemed to say they would not oppose MRD deposing the Plaintiffs only if the depositions occur within the twenty-eight-day response period for Plaintiffs' Motion.  Weber Decl., ¶ 16.  Plaintiffs subsequently confirmed deposition dates for three of the five Named Plaintiffs (Castro, Perez, and Brito) to occur in mid-May as MRD currently has no other choice given it is unclear whether the Court will grant this motion for additional discovery.  Weber Decl., ¶ 16.  MRD reserved its right to conduct second depositions of those Plaintiffs after receipt of written discovery.  Weber Decl., ¶ 17.  Plaintiffs did not offer availability of the other two Plaintiffs.  *Id.*

### F.  FCI and Reyes Opposed MRD Taking Their Deposition, but Changed Their Mind.

Meanwhile, FCI and Reyes objected to MRD's request for deposition (Doc. Nos. 123; 125), and MRD filed a motion to compel their depositions.  (Doc. Nos. 171; 172).  Reyes filed for

bankruptcy. (Doc. No. 186). The Court certified facts as to FCI's and Reyes' contempt (Doc. Nos. 177–79) and held FCI in contempt (Doc. No. 187). However, on April 22, 2020, FCI confirmed it would appear for deposition by MRD. (Doc. No. 215 at PageID # 2549–50). FCI produced some, but not all documents it represented existed. (Doc. No. 215 at PageID # 2545–46). MRD seeks written discovery from Plaintiffs and Class Members before deposing FCI, and its supervisor Mauricio Munguia, because FCI and Mr. Munguia will likely be able to interpret and speak to that discovery as Plaintiffs and Class Members are FCI's workers. Weber Decl., ¶ 9.i.

### G. The Court Extended the Case Management Deadlines.

FCI's contempt, Reyes' bankruptcy, and all the discovery disputes between the parties, which prevented MRD from obtaining discovery, were all good cause for the Court to stay all the deadlines in this case as reflected in the Court's April 17, 2020 Order. (Doc. No. 207).

### H. Plaintiffs' Motion was Strategically Timed to Try and Avoid Plaintiffs and Class Members Responding to Pending Discovery Disputes.

Ten days after the Court extended the case deadlines, Plaintiffs filed the Motion. (Doc. Nos. 210–13). The Motion seems strategically designed to thwart the pending discovery motions. Plaintiffs did not file the Motion between March 13, 2020 (the prior discovery deadline) and April 17, 2020 (the prior dispositive motion deadline). Instead, Plaintiffs filed the Motion ten (10) days after the Court's April 17, 2020 Order, with the prospect of new case deadlines and time to resolve the discovery disputes looming over Plaintiffs.

The Motion seeks summary judgment as to liability against MRD under Counts I and II of the Complaint (even though only Count I is asserted against MRD) (Weber Decl., ¶ 4), based on MRD being Plaintiffs' and Class Members' statutory or joint-employer, and damages based on alleged final certification. (Doc. No. 212). With respect to certification, Plaintiffs state "As of the

time of filing this brief, Defendants had not moved to decertify the Classes as conditionally certified by the Court. Therefore, the Court's certification of the Classes is no longer conditional, but is final." (Doc. No. 212 at PageID # 2477 n.3). Yet, there was no requirement to move for decertification before the Motion because the deadline to move for decertification has not passed due to the Court's April 17, 2020 Order. Weber Decl., ¶ 5. MRD intends to move for decertification. *Id.*

MRD is not Plaintiffs' employer, but the Motion is replete with factual assertions that require fact-intensive inquiries, which Plaintiffs prevented MRD from testing through discovery in this case due to the pending discovery disputes, and thus, necessitates additional discovery. Weber Decl., ¶¶ 6–8, 15.

**I. The Discovery MRD is Seeking.**

MRD seeks the following discovery, which is outlined in paragraph 9 of the accompanying declaration of Steven Douglas Weber, dated May 8, 2020:

a) Responses to MRD's October 4, 2019 Requests for Production as to Plaintiffs, which are the subject of a pending motion (Doc. No. 156).

b) Responses to MRD's October 7, 2019 Requests for Production as to three of the five Named Plaintiffs, which are the subject of a pending motion (Doc. No. 156).

c) Responses to MRD's October 18, 2019 Requests for Production as to Class Members, which are the subject of a pending motion (Doc. No. 156).

d) Responses to MRD's October 18, 2019 Interrogatories as to Class Members, which are the subject of a pending motion (Doc. No. 156).

e) Depositions of Class Members after completing written discovery. MRD's request to depose Class Members is the subject of a pending motion. (Doc. No. 158).

f) Depositions of Plaintiffs. Plaintiffs' depositions are the subject of a pending motion. (Doc. No. 188). MRD wishes to depose Plaintiffs after completing written discovery.

g) Obtain documents responsive to a subpoena to FCI's payroll processor, which is returnable on May 21, 2020. It is unclear whether the payroll processor will need any extension to comply. The subpoena seeks all documents, electronically stored information, or objects, showing payroll processing, wages, deductions, taxes, and/or other payroll information, relating to FCI for the time period January 1, 2017 to the present. On May 7, 2020, Plaintiffs affirmatively asked for copies of any documents produced in response to the subpoena, which suggests such documents are relevant to the merits of the Motion and that Plaintiffs believe additional discovery is warranted.

h) To the extent such information is not obtained in response to the written discovery as to Class Members, MRD seeks documentation, through a subpoena to Plaintiffs' lawyers, showing the amounts actually distributed by Plaintiffs' lawyers to certain Class Members pursuant to a Tennessee state court settlement involving FCI (Doc. No. 139-3 at PageID # 1265–67), amounts distributed to other Class Members, and how the amounts distributed to any Class Members were determined.

i) Depose FCI and FCI's Supervisor Mauricio Munguia, after completing written discovery, because Plaintiffs and Class Members are FCI's workers and FCI and Mr. Munguia likely have knowledge about Plaintiffs and Class Members that MRD does not have regarding any information disclosed in written discovery from

Plaintiffs and Class Members. MRD taking FCI's deposition was the subject of a pending motion, but was recently resolved. (Doc. Nos. 123; 125; 171; 172; 215).

j) Depositions of FCI's workers that did not opt into this case, after completing written discovery, because such workers may be important witnesses as to why MRD was not Plaintiffs' and Class Members' statutory or joint-employer, and such identities are sought through MRD's October 18, 2019 Interrogatories as to Class Members, which are the subject of the written discovery motion pending before the Court.

k) Take any further depositions MRD believes are necessary after conducting the previously discussed discovery.

Through the accompanying declaration of Steven Douglas Weber, dated May 8, 2020, and the briefing on the pending discovery motions filed before the Motion, MRD has shown how denying the Motion, or deferring consideration the Motion, and allowing MRD time to take discovery will enable MRD to rebut the Plaintiffs' attempt of showing of the absence of a genuine issue of fact through the Motion, MRD's need for discovery, what material facts MRD hopes to uncover, and why it has not previously discovered the information. Weber Decl.

## LEGAL STANDARD

The Sixth Circuit stated that "[a]lthough our standard of review is abuse of discretion, this Court has cited approvingly other circuits' view that '[a] . . . motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Doe v. City of Memphis*, 928 F.3d 481, 490–91 (6th Cir. 2019). "Rule 56(d) gives litigants a chance to secure 'a full opportunity to conduct

discovery' to be able to successfully defeat a motion for summary judgment." *Cline v. Dart Transit Co.*, No. 19-3375, 2020 WL 599014, at *3 (6th Cir. Feb. 7, 2020).

As such, Rule 56(d) states that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"A party invoking [the] protections [of Rule 56(d)] must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Doe*, 928 F.3d at 490. "The affidavit must 'indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Id.* "[A] formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Moore v. Shelby Cty., Kentucky*, 718 F. App'x 315, 319 (6th Cir. 2017).

The Sixth Circuit "made clear that in reviewing a district court's ruling on a motion for further discovery, there are five factors to consider: (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests." *Doe*, 928 F.3d at 491. Those factors were enunciated in *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995) (the "*Plott* Factors").

In reviewing a Rule 56(d) motion, the Sixth Circuit appears to desire the district courts to consider all five of the *Plott* factors. *Doe*, 928 F.3d at 491.

## **ARGUMENT**

In this case, on balance, the five *Plott* factors weigh in favor of MRD and the Court postponing the time for any response to Plaintiffs' Motion until after MRD completes its requested discovery or, alternatively, denying Plaintiffs' Motion.

## I.     **DEFENDANTS WERE NOT DILATORY IN THEIR DISCOVERY EFFORTS.**

Although it is the fourth factor, the Sixth Circuit states that the "main inquiry is whether the moving party was diligent in pursuing discovery." *Doe*, 928 F.3d at 491. "[T]he standard is not perfection" and this factor weighs in the party seeking discovery's favor even if some of the party's discovery efforts were dilatory. *Cline*, 2020 WL 599014, at *5.

In this case, MRD does not believe it was dilatory in its discovery efforts. Here, the Court granted, in part, Plaintiffs' Motion for Conditional Certification on September 6, 2019. (Doc. No. 98). The Class Members Discovery was served on October 18, 2019, eight days after the Amended CMO, on the deadline set by the Amended CMO, and five months before the end of discovery. (Doc. No. 110). The Named Plaintiffs Discovery were served in October 2019—five months before the end of discovery. The only reason that MRD has not obtained answers to the Named Plaintiffs Discovery and Class Members Discovery is because Plaintiffs were given a second chance to file a protective order as to those discover requests, after the Court denied Plaintiffs' First Motion for Protective Order, and Plaintiffs' Second Motion for Protective Order is still pending before the Court. Accordingly, MRD was not dilatory in serving the Named Plaintiffs Discovery and Class Members Discovery.

With respect to depositions, MRD has also not been dilatory. The issue of MRD deposing the Class Members is pending before the Court. Also, MRD does not wish to take the Class Members' depositions until after MRD completes its written discovery (which is the subject of the

above pending motions), and the Sixth Circuit has recognized that it is not unreasonable to await substantial completion of document production prior to conducting depositions. *Doe*, 928 F.3d at 493. With respect to Plaintiffs' depositions, MRD also does not wish to depose Plaintiffs until after written discovery. MRD was nonetheless first forced to seek Plaintiffs' depositions due to the last pending discovery deadline, and then Plaintiffs did not appear for those depositions. A motion and a statement of dispute regarding Plaintiffs' depositions is still pending before the Court. Due to the Motion, MRD is being forced for a second time to seek Plaintiffs' depositions, without finishing written discovery. MRD has not been dilatory in seeking Plaintiffs' and Class Members' depositions.

Similarly, MRD has not taken FCI's deposition because FCI initially opposed MRD's request for deposition (another pending discovery motion), but FCI recently agreed to be deposed by MRD, and MRD wishes to obtain the written discovery from Plaintiffs and Class Members prior to FCI's deposition and the deposition of FCI's supervisor, Mauricio Munguia. Moreover, with respect to FCI's deposition, and its supervisor Mr. Munguia, it is important that MRD perform those depositions after completing written discovery from Plaintiffs and Class Members because Plaintiffs were FCI's workers and FCI and Mr. Munguia will likely be in the position to interpret documents that Plaintiffs and Class Members may have sent to or received from FCI. Accordingly, MRD does not believe it was dilatory in seeking discovery and the fourth *Plott* factor weighs in favor MRD.

## II.     MRD SOUGHT THE DISCOVERY WHEN LEARNED OF.

The first *Plott* factor "primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Doe*, 928 F.3d at 492–93.

In this case, the first *Plott* factor appears to apply to the discovery directed at Class Members, and weighs in favor of MRD because MRD could not know the identity of Class Members and would not seek discovery from them until after the opt-in period. Plaintiffs filed their last set of Opt-In Consent Forms on September 20, 2019. (Doc. Nos. 99; 101). The Court's October 10, 2019 Amended CMO specifically allowed MRD, by agreement, to "serve written discovery on the opt-in plaintiffs by October 18, 2019." (Doc. No. 110 at E). MRD served its written discovery to Class Members within eight days of the Amended CMO and by the deadline set forth therein. Accordingly, MRD served written discovery on Class Members in a timely manner. MRD wishes to take Class Members' depositions and timely sought leave for same from the Court to do so. That matter is still pending before the Court. As such, the first *Plott* factor weighs in favor of MRD.

## III. THE DISCOVERY SOUGHT COULD CHANGE THE OUTCOME.

For the second *Plott* factor, the Court should consider if Plaintiffs' Motion is granted, whether "discovery on this subject might well have changed the result below." *Cline*, 2020 WL 599014, at *6.

In this case, all of the discovery sought by MRD could change the outcome of Plaintiffs' Motion and rebut any showing by Plaintiffs of the absence of a genuine issue of fact. All the discovery sought by MRD goes to the merits of Plaintiffs' claims in the Motion as to whether MRD is Plaintiffs' or Class Members' statutory or joint-employer, whether the conditionally certified class should be decertified, the amount of any alleged damages, and MRD's affirmative defenses. Weber Decl., ¶¶ 10–17. Additionally, MRD retained an expert witness for this case. Weber Decl., ¶ 17. The expert witness' opinion addresses the relationship between MRD, FCI, Plaintiffs, and Class Members, which is an issue in the Motion, and the discovery sought by MRD

will likely yield additional facts to be addressed by MRD's expert witness' opinion in this case and likely could change the outcome of Plaintiffs' Motion if the discovery sought by MRD is allowed. *Id.* Furthermore, MRD has not had an opportunity to depose the Plaintiffs and Class Members, and Plaintiffs rely on affidavits by three of the Named Plaintiffs and a Class Member that is not a Plaintiff in support of their Motion. Plaintiffs also rely on the depositions of FCI and Mr. Munguia. MRD's depositions of Plaintiffs, Class Members, FCI, and Mr. Munguia could change the outcome of the Motion because MRD could test the statements the in the affidavits relied upon for the Motion, decertify the conditionally certified class, and test the statements in FCI's and Mr. Munguia's depositions transcripts, all upon which the Motion relies. Accordingly, the discovery sought by MRD could change the outcome of the Motion.

## IV.   THE DISCOVERY PERIOD'S LENGTH HAS NOT BEEN UNREASONABLE.

The third *Plott* factor examines the length of the discovery period. The Sixth Circuit has stated that "what constitutes a reasonable length of time for the duration of discovery is so particular to the facts and circumstances of a given case that examining what lengths of time this Court has found sufficient for discovery in the past in not particularly helpful." *Doe*, 928 F.3d at 494. The Sixth Circuit examines the nature of the particular case, and the delays attributable to any of the parties, to determine whether the length of the discovery period is reasonable. *Id.* at 494–95.

In this case, the length of the discovery period is not unreasonable given the complexity of this case and the issues that arose regarding the parties. Even assuming that the discovery period began when Plaintiffs' filed their complaint on June 25, 2018 (Doc. No. 1), and continued through the discovery deadline in the Initial Case Management Order to the end of discovery on March 13,

16

2020 set by the Amended CMO (Doc. No. 110), then the discovery period would be approximately 1 year and 9 months.

In *Doe*, the Sixth Circuit noted that a discovery period of two years is "somewhat lengthy," but noted that claims involving discriminatory motivation (which MRD believes is a fact-intensive inquiry like what is required of the claims and defenses in this case) "will be entitled to a longer discovery period than claims that are easier to prove." 928 F.3d at 495. In *Doe*, the Sixth Circuit found that that this factor is neutral for a discovery period of two years because the delays were in large part attributable to the defendant's delays. *Id.*

The discovery period in this case is not unreasonable and is either in MRD's favor or neutral. The FLSA claim asserted against MRD is fact-intensive, whether MRD is a statutory or joint employer is fact-intensive, MRD's affirmative defenses are fact-intensive, and this case is pled as a collective action, and decertification is a fact-intensive inquiry. The discovery period from the Court's Initial Case Management Order was extended based on the conditionally certified class. The parties are engaged in several discovery disputes pending before the Court. Plaintiffs forced MRD to file motions to schedule discovery conferences because Plaintiffs would not make themselves available to resolve discovery disputes, which only prolonged resolution of discovery issues. In addition, FCI was found to be in contempt of the Court and Reyes filed for bankruptcy. In short, there are several legitimate issues which contributed to the length of the discovery period, contributed to MRD not completing discovery, and are not MRD's fault. Accordingly, this factor either weighs in favor of MRD or is neutral.

## V.    PLAINTIFFS WERE NOT RESPONSIVE TO DISCOVERY REQUESTS.

The fifth *Plott* factor evaluated whether the party moving for summary judgment was responsive to discovery requests. In *Doe*, the Sixth Circuit stated that "Defendant's delay in

producing discovery suggests that it could have been hoping to obtain summary judgment before having to comply in full with Plaintiffs' discovery requests." 928 F.3d at 496. "Defendant's repeated assurances that it would comply by May 2016 before it moved for summary judgment in January 2016 further suggests the possibility of a strategic delay motivated by a desire to deprive Plaintiffs of a full opportunity for discovery." *Id.* "In any event, Defendant was not responsive to Plaintiffs' discovery requests, and this factor weighs for Plaintiffs." *Id.*

In this case, MRD, on the one hand, was diligent in pursuing discovery and, unlike the plaintiffs in *Doe*, MRD continuously and aggressively sought to bring any discovery dispute to the Court, even when Plaintiffs attempted to thwart MRD by not providing their availability for a Court discovery conference in compliance with the Court's rules.

However, on the other hand, Plaintiffs have not been responsive to discovery requests and thwarted MRD's efforts to bring discovery disputes to the Court, as required by the rules. Plaintiffs refused to submit joint discovery dispute statements, despite the Court's rules regarding statements of dispute. (LR 37.01(b); Doc. Nos. 110 at PageID # 809; 174; 200). Plaintiffs thwarted MRD's efforts to obtain discovery conferences so that MRD could not file discovery motions (Doc. Nos. 175; 201). Despite not wanting to have discovery conferences with the Court, Plaintiffs filed unauthorized motions for protective order. (Doc. No. 196 at PageID # 1796). In short, Plaintiffs have not complied with this Court's Local Rules or this Court's order governing disputes on more than one occasion, which has only increased the number of filings in this case. Disposition of the Plaintiffs' objections to the Class Members Discovery and Named Plaintiffs Discovery is only still pending before the Court because Plaintiffs were given a second chance to file a protective order as to those discover requests, after the Court denied Plaintiffs' First Motion for Protective Order, and Plaintiffs' Second Motion for Protective Order is still not proper. Plaintiffs' improper motions

for protective order are preventing MRD from obtaining responses to the Named Plaintiffs Discovery and Class Members Discovery, and preventing MRD from serving any alternative written discovery if all the existing discovery is denied, which would be prejudicial to MRD. It seems that Plaintiffs strategically filed the Motion to try and obtain summary judgment before any resolution as to the pending discovery disputes and before MRD has a full and fair opportunity to conduct adequate discovery. Overall, Plaintiffs were <u>not</u> responsive to discovery requests, and the fifth *Plott* factor weighs in favor of MRD.

VI.     **MRD SEEKS ADDITIONAL RELIEF.**

Rule 56(d) states that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

First, as mentioned above, MRD wants written discovery from Plaintiffs before it takes Plaintiffs' depositions. However, MRD is in a tough spot because it does not know whether the Court will grant this motion and give MRD more time for discovery, and MRD does not want to forego what might be its only opportunity to depose at least some of the Plaintiffs. As mentioned above, Plaintiffs are now offering three of the Named Plaintiffs for deposition (Castro, Brito, and Perez), and MRD is only taking those three depositions on May 14, 15, and 18, without completing written discovery, because MRD does not know whether the Court will grant this Motion and MRD is trying its best to depose Plaintiffs. If the Court grants this motion, and to avoid any future discovery dispute regarding the Plaintiffs' depositions, the Court should grant leave to MRD to depose those Plaintiffs for a second time after MRD completes its written discovery.

Second, despite Plaintiffs' belief that "further discovery in this case is unnecessary" (Doc. No. 214 at PageID # 2536), Plaintiffs are apparently still seeking the Court's decision as to

Plaintiffs' motion to compel MRD's tax returns. (Doc. No. 214 at PageID # 2538). Plaintiffs' representation that "further discovery in this case is unnecessary" admits that the Court need not decide Plaintiffs' motion to compel. Plaintiffs' representation that "further discovery in this case is unnecessary" tilts the balance even further in favor of the Court finding that production of such information is not proportional to the needs of this case. Plaintiffs' motion seeking MRD's tax returns (Doc. No. 133) should be denied.

Third, despite Plaintiffs' belief that "further discovery in this case is unnecessary," Plaintiffs are requesting copies of any documents that MRD obtains from its subpoena to FCI's payroll processor. (Doc. No. 204 at PageID # 1884 n.6); Weber Decl., ¶ 9.g. Such a request is surprising given that Plaintiffs spoke pejoratively of MRD's efforts to obtain such documents through contempt relief: "MRD now seeks to delay that relief for even longer by asking the Court to instead order FCI to "activate their subscription with the payroll provider . . . . This proposal is unrealistic, prejudicial to Plaintiffs, and wasteful of this Court's time." (Doc. No. 197 at PageID # 1835). Plaintiffs' own conduct in requesting copies of the records and also seeking disposition of their above pending motion to compel, following their filing of the Motion, shows that they do not believe "further discovery in this case is unnecessary."

Finally, because Plaintiffs believe "further discovery in this case is unnecessary." (Doc. No. 214 at PageID # 2536), Plaintiffs should not benefit from obtaining discovery and then supplementing their Motion or filing another motion for summary judgment, which will require MRD to yet again show why additional discovery is needed through another motion Rule 56(d) motion. Plaintiffs should be prohibited from supplementing their Motion, or filing any summary judgment motion or partial summary judgment motion, until after MRD completes its needed discovery or unless Plaintiffs first obtain leave from the Court to file such a motion.

## CONCLUSION

Based on the foregoing, MRD respectfully requests an Order, under Fed. R. Civ. P. 56(d), be entered: (1) deferring consideration of Plaintiffs' Motion until MRD has been afforded the full and fair opportunity to conduct its requested discovery or, alternatively, denying Plaintiffs' Motion; (2) allowing MRD time to take the discovery identified in paragraph 9 of the Declaration of Steven Douglas Weber, dated May 8, 2020, filed contemporaneous with this motion, before MRD must respond to the Motion; (3) prohibiting Plaintiffs from supplementing their Motion, or filing any other summary judgment motion or partial summary judgment motion, until after MRD completes its needed discovery or Plaintiffs obtain leave from the Court to file such a motion; (4) granting leave to MRD to depose any Plaintiffs for a second time after MRD completes its written discovery; and (5) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Steven D. Weber
Steven D. Weber
STARK WEBER PLLC
1221 BRICKELL AVENUE
SUITE 900
MIAMI, FL 33131
(305) 377-8788 (main)
steve@starkweber.com

(admission Pro Hac Vice)

*Lead Attorneys for Defendant MR Drywall Services, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via the Court's CM/ECF system upon the following:

Karla Campbell, Esq.
Callie Jennings, Esq.

21

Anthony Orlandi
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Ave., 2nd Floor
Nashville, Tennessee 37203
aorlandi@bsjfirm.com
ecf-processor@bsjfirm.com
calliej@bsjfirm.com
karlac@bsjfirm.com

*Attorneys for Plaintiffs*

Bruce E. Loren
Loren & Kean Law
7111 Fairway Drive, Suite 302
Palm Beach Gardens, FL 33418
Email: bloren@lorenkeanlaw.com

Mark W. Peters
Heath H. Edwards
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Email: mark.peters@wallerlaw.com
Email: heath.edwards@wallerlaw.com

*Attorneys for Defendants Jose Roberto Reyes, Individually and dba First Class Interiors of Naples, LLC*

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street, Suite 3102
Nashville, TN 37203
615.915.3300 (main)
866.277.5494 (fax)
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com
bforrester@webbsanderslaw.com

*Attorneys for Defendant MR DRYWALL SERVICES, L.L.C.*

on this 8th day of May, 2020.

/s/ Steven D. Weber
Steven D. Weber