UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL ALVARADO MARTINEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FIRST CLASS INTERIORS OF NAPLES, LLC, et al., <br><br> Defendants. | Case No. 3:18-cv-00583 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This Order addresses Defendant MR Drywall Services, LLC's (MRD) motion for leave to amend its affirmative defenses (Doc. No. 139), which Plaintiffs Daniel Alvarado Martinez, Alexandro Perez, Nelson Eguizabal Brito, Carlos Castro, and Alexis Marquez have opposed (Doc. No. 143). For the reasons that follow, MRD's motion will be granted in part and denied in part.

**I.     Relevant Background**

The plaintiffs initiated this collective action on June 25, 2018, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., against Defendants MRD, First Class Interiors of Naples, LLC (FCI), and Jose Roberto Reyes, arising out of the construction of a J.W. Marriott hotel in Nashville, Tennessee.[1] MRD answered the plaintiffs' complaint on

---

[1]     Plaintiffs' complaint also asserted a claim of fraud in hiring under Tennessee law, Tenn. Code Ann. § 50-1-102, and fraudulent filing of Internal Revenue Service information return under 26 U.S.C. § 7434. (Doc. No. 1.) The parties moved to voluntarily dismiss those claims (Doc. No. 216) and the Court dismissed them without prejudice on May 4, 2020. (Doc. No. 218). FCI and Reyes have also voluntarily dismissed their crossclaim brought against MRD. (Doc. No. 25.)

September 11, 2018, asserting five affirmative defenses.[2] (Doc. No. 22.) The Court has now conditionally certified two collective-action classes, an "Overtime Class" of "all workers who were employed by Defendants performing drywall installation, framing and/or finishing work on the Marriott Project at any time between July 2017 and May 2018[,]" and a "Last Paycheck Class" of "all workers who were employed by Defendants performing drywall installation, framing, and/or finishing work on the Marriott Project whose employment was terminated at any time between May 21 and May 29, 2018." (Doc. No. 98, PageID# 533.) A two-week post-certification opt-in period has yielded a class of 117 plaintiffs, including the five named plaintiffs. (Doc. Nos. 99, 101.)

On December 13, 2019, the deadline for filing motions to amend the pleadings under the amended case management order (Doc. No. 110), MRD filed a motion for leave to amend its answer to include eight additional affirmative defenses. (Doc. No. 139.) MRD summarizes its proposed additional affirmative defenses as follows:

> (1) an offset based on all or some of the plaintiffs' receipt of payments as set forth in a related Tennessee state court action; (2) unclean hands based on intentional misrepresentations as to the amount of hours worked; (3) unclean hands based on intentional misrepresentations as to experience with the work involved on the project; (4) unclean hands based on intentional misrepresentations that the plaintiffs worked on the project at all; (5) fraud based on intentional misrepresentations as to hours worked; (6) fraud based on intentional misrepresentations as to experience; (7) estoppel based on plaintiffs' knowing and voluntary decision to be independent contractors, use a Form 1099, and forgo overtime; and (8) waiver based on plaintiffs' knowing and voluntary decision to be independent contractors, use a Form 1099, and forgo overtime.

(Doc. No. 140, PageID# 1269–70.) The plaintiffs oppose the addition of these affirmative defenses, arguing that MRD's motion to amend "should be denied for 'undue delay, bad faith or dilatory motive [and] undue prejudice' to Plaintiffs and Class Members based on the fact that the

---

[2] FCI and Reyes answered the complaint on September 10, 2018. (Doc. No. 21.)

proposed defenses are futile." (Doc. No. 143, PageID# 1293 (alteration in original) (quoting *Marquette Gen. Hosp. v. Excalibur Med. Imaging, LLC*, 528 F. App'x 446, 448 (6th Cir. 2013)).) MRD filed a reply, reiterating its arguments that amendment is appropriate under Federal Rule of Civil Procedure 15(a)(2). (Doc. No. 147.)

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is well established, however, that "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). District courts may deny leave to amend under Rule 15(a)(2) based on "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *see also Tefft v. Steward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself[,] to disallow an amendment of a pleading[.]"). In some cases, "however, 'delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.'" *Morse*, 290 F.3d at 800 (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Although "12(b)(6) motions are made with reference to complaints and not affirmative defenses[,]" courts in this district have found that

3

"the same basic standard applies" to determine if proposed amendments to affirmative defenses are futile. *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 WL 361258, at *6 (M.D. Tenn. Feb. 8, 2008). Specifically, "[t]he court must determine whether the defendants' allegations raise the merits of the defense above a speculative level or, put differently, whether, assuming the truth of the defendants' allegations regarding the defense, it nevertheless would fail." *Id.* "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

### III. Analysis

In light of the applicable standard, the Court finds that MRD is entitled to amend its answer to include its proposed sixth affirmative defense of an offset but that MRD's remaining seven proposed affirmative defenses are futile.

#### A. Offset

MRD's proposed sixth affirmative defense of an offset is as follows:

### Sixth Affirmative Defense

> Any recovery by the Plaintiffs should be set-off by any sums paid to them as set forth in the case *Martinez, et al. v. 8th & Demonbreun Hotel LP, et al.*, Case No. 18-1268-IV, in the Chancery Court for the State of Tennessee, Twentieth Judicial District at Nashville, Tennessee (the "State Court Action"). To the extent the Plaintiffs received, or will receive, all or a portion of the $121,656.00 or the $181,514.00, identified in the State Court Action, which was to be paid to certain individuals, any judgment in this case should be set-off by the amount received or to be received, as those amounts are for the same payment of lost wages and work sought in this case on the same JW Marriott Hotel construction project in Nashville, Tennessee.

(Doc. No. 139-1, PageID# 1244–45.) The plaintiffs do not dispute that the State Court Action may affect "the ultimate damages calculation for certain Class Members in this Case." (Doc. No. 143, PageID# 1295.) Indeed, their response in opposition to MRD's motion to amend attaches an agreed

order from the State Court Action regarding distribution of funds that "acknowledge[s] the pendency of Case No. 3:18-CV-00583 in the Middle District of Tennessee" and states that the parties "intend for the . . . distributions [listed in the agreed order] to be offset against any judgment in favor of these individuals in that case to the extent the damages awarded to each individual exceed the individual's distribution." (Doc. No. 143-1, PageID# 1305.)

Nevertheless, "Plaintiffs oppose this affirmative defense on the grounds that [MRD] appears to be using it as an excuse to seek superfluous discovery from Plaintiffs and Class Members." (Doc. No. 143, PageID# 1296.) The plaintiffs argue "that the Order itself answers all relevant questions as it includes the names of all individuals who received payments, the amounts that each person received, and the effect that those distributions have on the instant action before this Court." (*Id.*) However, as MRD argues, the order itself does not contain information about when distributions were, or will be, made. (Doc. No. 147.)

The Court finds that the plaintiffs have not shown the kind of prejudice required to justify denying leave to amend under Rule 15(a)(2) with respect to this proposed affirmative defense. There is no dispute that the distribution of funds in the State Court Action is relevant to the plaintiffs' claims for damages in this action, which means that MRD may be entitled to reasonable discovery regarding those distributions regardless of whether or not it asserts an affirmative defense addressing it directly. MRD's motion to amend its answer will therefore be granted in part with respect to this affirmative defense.

### B. Unclean Hands

MRD's proposed seventh, eighth, and ninth affirmative defenses of unclean hands are as follows:

### Seventh Affirmative Defense

All or some of the Plaintiffs intentionally misrepresented to FCI the amount of hours that they performed work on the project at issue in this lawsuit. As a result of Plaintiffs' intentional misrepresentations as to their hours worked, MRD was damaged because FCI sought and obtained payments from MRD in excess of amounts that should have been due to FCI.

### Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. All or some of the Plaintiffs intentionally misrepresented their experience with the type of work to be performed on the project at issue in this lawsuit to FCI. Thus, FCI provided workers for the project that did not have the level of experience that was required for the project, which adversely impacted FCI's and MRD's ability to complete their respective work on the project. MRD's inability to complete work on the project as expected, based on Plaintiffs' misrepresentations as to their experience, injured MRD.

### Ninth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. All or some of the Plaintiffs intentionally misrepresented that they worked on the project at issue in this lawsuit and that they were owed money. Plaintiffs made this misrepresentation for the purpose of being involved in this lawsuit, or a similar lawsuit entitled, *Martinez, et al. v. 8th & Demonbreun Hotel LP, et al.*, Case No. 18-1268-IV, in the Chancery Court for the State of Tennessee, Twentieth Judicial District at Nashville Tennessee. MRD has been damaged by Plaintiffs' misrepresentations because MRD is forced to incur fees and costs in defending this lawsuit.

(Doc. No. 139-1, PageID# 1245–46.) Plaintiffs oppose these proposed affirmative defenses on the grounds that they are futile and would result in undue prejudice. (Doc. No. 143.)

Because the plaintiffs raise futility, the Court must determine, as a threshold matter, what pleading standard applies to these proposed affirmative defenses. While MRD characterizes these defenses as assertions of the doctrine of unclean hands (Doc. Nos. 139-1, 140), each defense is based exclusively on alleged intentional misrepresentations by the plaintiffs (Doc. No. 139-1). This distinction is significant because "[i]ntentional misrepresentation is analyzed as a claim for fraud under Tennessee law." *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931

(6th Cir. 2006). These defenses are fraud claims in substance, and Federal Rule of Civil Procedure 9(b) therefore requires that they "must be stated with particularity, and the [party asserting them] must, at a minimum, allege the time, place and content of the misrepresentations; the [offending party's] fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Id.*; *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Notably, MRD's two proposed affirmative defenses claiming fraud, which are discussed below, are premised on the same intentional misrepresentations alleged in their proposed seventh and eighth affirmative defenses claiming unclean hands. (Doc. No. 139-1.)

MRD cannot avoid the application of Rule 9(b)'s particularity requirements by pleading its proposed intentional misrepresentation defenses under an unclean-hands label. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *5 (N.D. Ill. Mar. 31, 2003) ("If fraud is alleged under the doctrine of unclean hands, Rule 9(b) requires that allegations of fraud include the particular circumstances involved, including the time, place, and specific contents of the alleged false representations or omissions."). Further, the only case MRD cites in support of its argument that unclean hands need not be pleaded with particularity, *Key Components, Inc. v. Edge Electronics, Inc.*, No. 3:07-CV-244, 2008 WL 4937560, at *6 (E.D. Tenn. Nov. 17, 2008), is distinguishable because there is no indication that the defenses in that case were premised on intentional misrepresentations. The Court will therefore apply Rule 9(b)'s particularity requirements in determining whether MRD's allegations of intentional misrepresentations are sufficient to allow amendment under Rule 15(a)(2).

MRD alleges that "[a]ll or some of the Plaintiffs" (1) "intentionally misrepresented to FCI the amount of hours that they performed work on the project at issue in this lawsuit[;]"

7
Case 3:18-cv-00583   Document 240   Filed 11/30/20   Page 7 of 11 PageID #: 2705

(2) "intentionally misrepresented their experience with the type of work to be performed on the project at issue in this lawsuit to FCI[;]" and (3) "intentionally misrepresented that they worked on the project at issue in this lawsuit and that they were owed money." (Doc. No. 139-1, PageID# 1245.) None of these bare allegations includes any particular details about the time and place of the alleged misrepresentations, and the third allegation does not even state to whom such general misrepresentations were made. They therefore fall short of Rule 9(b)'s high bar. *See Power & Tel. Supply Co.*, 447 F.3d at 931. Instead, these boilerplate proposed affirmative defenses appear to be an attempt to lay the foundation for MRD to seek discovery from all 117 plaintiffs in this action. The Court has addressed the propriety of that discovery by separate order.

The Court finds that MRD's proposed seventh, eighth, and ninth affirmative defenses are futile for purposes of Rule 15(a)(2) because they are not sufficiently pleaded, even if the allegations are assumed to be true. *See Gore*, 2008 WL 361258, at *6. MRD's motion for leave to amend will therefore be denied with respect to these proposed affirmative defenses.

### C. Fraud

MRD's proposed tenth and eleventh affirmative defenses of fraud are as follows:

#### Tenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by fraud. All or some of the Plaintiffs intentionally misrepresented to FCI the amount of hours that they performed work on the project at issue in this lawsuit, the representation as to the hours that they worked was false when made, the representation was in regard to a material fact because it was as to hours worked, the representation was made either knowingly or without belief in its truth or recklessly, FCI and MRD reasonably relied on those hours; and MRD suffered damages as a result of Plaintiffs' misrepresentations because FCI sought and obtained payments from MRD in excess of amounts that should have been due to FCI. Mauricio Munguia Cruz, a supervisor and coordinator for FCI, testified that "there were some workers that were trying to add extra hours or pad the hours" that they worked on the project.

### Eleventh Affirmative Defense

> Plaintiffs' claims are barred in whole or in part by fraud. All or some of the Plaintiffs intentionally misrepresented their experience with the type of work to be performed on the project at issue in this lawsuit to FCI, the representation as to the [*sic*] their experience was false when made, the representation was in regard to a material fact because it was to their experience and experienced workers were needed for the project, the representation was made either knowingly or without belief in its truth or recklessly, FCI relied on the representations of experience; and MRD was damaged because FCI provided workers for the project that did not have the level of experience that was required for the project, which adversely impacted FCI's and MRD's ability to complete their respective work on the project. MRD's inability to complete work on the project as expected, as a result of Plaintiffs' misrepresentations as to their experience, injured MRD. Mauricio Munguia Cruz, a supervisor and coordinator for FCI, testified that workers lied about their experience, that there were workers that had no experience, and that they lied in order to come and get in on the construction project.

(Doc. No. 139-1, PageID# 1246–47.) Plaintiffs oppose these proposed affirmative defenses on the same grounds as the purported unclean hands defenses, futility and prejudice. (Doc. No. 143.) MRD acknowledges that its affirmative defenses explicitly claiming fraud must satisfy Rule 9(b)'s heightened pleading standard and argues that the alleged defenses are sufficiently pleaded to do so. (Doc. Nos. 140, 147.) The Court disagrees.

Once again, MRD fails to include any particular details about the time and place of the alleged misrepresentations. The fact that an FCI employee offered testimony "that 'there were some workers that were trying to add extra hours or pad the hours' that they worked on the project" and "that workers lied about their experience" (Doc. No. 139-1, PageID#1246, 1247), does not raise MRD's assertions of fraud to the level of particularity that Rule 9(b) requires in this context. The Court again finds that amendment to add these inadequately pleaded proposed affirmative defenses must be denied.

### D. Estoppel and Waiver

MRD's proposed twelfth and thirteenth affirmative defenses of estoppel and waiver are as follows:

### Twelfth Affirmative Defense

To the extent that MRD is found to be a statutory or joint-employer of Plaintiffs, Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel. FCI gave the Plaintiffs the choice whether to be an independent contractor or an employee, and whether to use Form 1099 or some other tax form, and Plaintiffs represented that they wanted to be independent contractors, use Form 1099, and forgo overtime. Plaintiffs knowingly and voluntarily chose to be independent contractors, chose to use Form 1099, and chose to forgo any right to overtime. Plaintiffs were aware of those facts and had the intention that FCI act on Plaintiffs' knowing and voluntary choice to be independent contractors, choice to use Form 1099, and choice to forgo any right to overtime. FCI did not know and was unaware that Plaintiffs did not want to be independent contractors, did not want to use Form 1099, and did not want to forgo any right to overtime. FCI detrimentally and justifiably relied on Plaintiffs' representation that they wanted to be independent contractors, use Form 1099, and forgo overtime.

### Thirteenth Affirmative Defense

To the extent that MRD is found to be a statutory or joint-employer of Plaintiffs with FCI, Plaintiffs' claims are barred in whole or in part by the doctrine of waiver. FCI gave the Plaintiffs the choice whether to be an independent contractor or an employee and whether to use Form 1099 or some other tax form. Plaintiffs knowingly and voluntarily chose to be independent contractors, chose to use Form 1099, and chose to forgo any right to overtime.

(Doc. No. 139-1, PageID# 1247.) Plaintiffs oppose these affirmative defenses as futile, arguing that, as a matter of law, individuals cannot contract away or waive their rights under the FLSA, including their right to overtime wages. (Doc. No. 143.) Plaintiffs are correct that "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 388 (6th Cir. 2016) (quoting *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)); *see also Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 606 (6th Cir. 2013) (explaining that "employees may not, either prospectively or retrospectively waive their FLSA rights to minimum wages, overtime, or liquidated damages" because "[s]uch waivers . . . would 'nullify' the Act's purpose of 'achiev[ing] a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the

Act'" (third alteration in original) (quoting *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945))). MRD's attempt to evade this precedent by arguing that it is not an employer (Doc. No. 147) is unsupported by law and unavailing. Even assuming the truth of the allegations in MRD's proposed twelfth and thirteenth affirmative defenses, the Court finds that these defenses would nevertheless fail and are therefore futile for purposes of Rule 15(a)(2). *See Gore*, 2008 WL 361258, at *6. MRD's motion to amend its answer will be denied with respect to these defenses.

**IV.    Conclusion**

For these reasons, MRD's motion for leave to amend its affirmative defenses (Doc. No. 139) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED with respect to MRD's proposed sixth affirmative defense of offset and DENIED with respect to every other proposed affirmative defense. MRD is ORDERED to file an amended answer that conforms with this Order by December 7, 2020.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge