| | |
|---|---|
| DANIEL ALVARADO MARTINEZ, et al., ) | |
| ) | |
| Plaintiffs, ) | NO. 3:18-cv-00583 |
| ) | JUDGE RICHARDSON |
| v. ) | |
| ) | |
| FIRST CLASS INTERIORS OF NAPLES, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant MR Drywall Services, LLC ("MRD")'s Motion to Continue Target Trial Date (Doc. No. 253, "Motion").[1] Plaintiffs have responded. (Doc. No. 254). Defendant MRD has replied. (Doc. No. 255). For the reasons discussed herein, the Court will **GRANT** MRD's Motion.

# BACKGROUND

In this conditionally certified collective action with two opt-in classes, Plaintiffs allege that Defendants' policies and practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). (Doc. No. 1 ¶¶ 1-2). Specifically, Plaintiffs allege that Defendants failed to pay Plaintiffs and members of the Overtime Class one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week during the relevant period. (*Id.* ¶ 50). Plaintiffs also allege that Defendants failed to pay Plaintiffs and members of the Overtime Class the federal minimum wage for all hours worked after clocking in, including hours spent attending safety meetings and performing other such work. (*Id.*). Plaintiffs allege that Defendants

---

[1] Counsel for the other Defendants (FCI and Reyes) have no objection to this Motion. (Doc. No. 253 at 4).

1

failed to pay Plaintiffs Castro and Martinez, and members of the Last Paycheck Class, for their final two weeks of employment. (*Id.* ¶ 49). Plaintiffs further claim that after members of the Last Paycheck Class requested their wages, Defendants First Class Interiors of Naples, LLC ("FCI") and Jose Roberto Reyes terminated those drywall workers in violation of the FLSA's anti-retaliation provision. (*Id.* ¶¶ 86-92).

The Court has previously granted a motion to continue the trial date in this case. (Doc. No. 242). In addition to the present Motion, Plaintiffs' Motion for Summary Judgment is pending before this Court (Doc. No. 210). A deadline has been set on May 21, 2021 for additional dispositive motions and motions to decertify the conditionally certified class. (Doc. No. 250). The Court previously entered a target trial date of November 30, 2021. (*Id.*).

## **LEGAL STANDARD**

Fed. R. Civ. P. 16(b)(4) allows for a schedule to be modified with good cause. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (holding in the context of request to amend). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* The Sixth Circuit has also found relevant "whether additional time would have produced more witnesses or have added something to the . . . case." *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984). Additionally, "[w]hether a continuance is appropriate in a particular case will depend on the individual circumstances of that case." *Parrish v. Dollar Gen. Corp.*, 680 F. App'x 423, 426 (6th Cir. 2017).
2

**DISCUSSION**

Via the Motion, MRD asks this Court to continue the current target trial date, on the grounds that MRD's lead counsel currently has a trial already scheduled in another federal matter in Miami, Florida during the target time period.[2] (Doc. No. 253 at 1). MRD asks the Court to move the target trial date until January 13, 2022, or later in 2022. (*Id.* at 2).

Plaintiffs oppose the Motion, objecting that the Court should not grant a continuance of the target trial date because 1) the matter will have been pending for five years, 2) pretrial dates will fall over the 2022 holidays, 3) MRD has not shown good cause, and 4) "[I]n this district, deadlines should not be extended when one party objects to the extension, a high standard not met in this case." (Doc. No. 254 at 1-2). Plaintiffs request an earlier trial date, such as September, October, or early November. (*Id.*).

In ruling on a previous motion to continue, the Court found that Plaintiffs would not be prejudiced by a continuance. Though the matter has been pending for several years, part of the reason the trial has been delayed is to allow the Court an opportunity to rule on *Plaintiffs'* Motion for Summary Judgment. (Doc. No. 242 at 7). Though Plaintiffs' (potential) recovery at trial coming sooner rather than later would improve their financial condition, a slight delay will not prejudice them materially. And the Court would add, without suggesting that Plaintiffs' chosen litigation tactics have been improper, that their tactics (like, perhaps, the tactics of MRD) have not always promoted speeding this case towards trial; in particular, the two sides have displayed an unusual

---

[2] MRD attached as an exhibit to the Motion the order setting trial for a two-week period beginning Monday, November 22, 2021 in the matter *Linco Enterprises, Inc. v. Oleg Firer, et al.* 20-22234-CIV-MARTINEZ-BECERRA in the United States District Court for the Southern District of Florida. (Doc. No. 253-1).

inability to reach the kind of mutual resolution of issues conducive to removing litigative obstacles to reaching the trial stage.

Additionally, though it is true that some of the pretrial dates will fall over the 2021-2022 holidays, MRD is correct that, when it was convenient for them, Plaintiffs did not contest a previous order that set trial for January 2021 and had pretrial dates over the holidays. (Doc. No. 255 at 1-2; Doc. No. 236). In fact, Plaintiffs objected to MRD's requested continuance of this previous trial date in January that had pretrial dates over the holidays. (Doc. No. 239).

As for Plaintiffs' argument that the local rules prevent the Court from extending deadlines when one party objects to the extension, Plaintiffs have entirely ignored the Court's previous Order ruling on the prior motion to continue in this case. (Doc. No. 242). There, the Court expressly rejected Plaintiffs' interpretation of the Local Rule and warned them about the dangers of such an interpretation:

> Certainly the undersigned is not familiar with any attorney (or party) asserting the draconian (albeit admittedly textually supported) interpretation advanced by Plaintiffs' counsel. Plaintiffs' counsel might want to be careful what they wish for in asserting this interpretation of Local Rule 6.01(a). Someday the shoe might be on the other foot, when Plaintiffs' counsel desires an extension to which opposing counsel objects; one wonders whether, in such circumstances, Plaintiffs' counsel would be as gung-ho about the interpretation they are advancing here.
>
> To the extent that Local Rule 6.01(a)(4) otherwise would (textually) require denial of the pending motion for an extension, the Court invokes Local Rule 1.01(a)(1), giving the Court discretion to deviate from any rule "when appropriate for the needs of the case and the administration of justice." The Court finds it appropriate (at least in this case) to deviate from Local Rule 6.01(a)(4) to the extent it would require denial of the requested extension based solely on the fact that it is opposed; the interests of justice require that the request for an extension be considered on its merits, whether or not it is opposed.

(Doc. No. 242 at 3 n.1). Counsel would do well to acknowledge the remarks of this Court when it specifically comments on its interpretation of a Local Rule, by presenting arguments that either

are consistent with that interpretation or explain why the Court's interpretation is wrong and should thus be revised.

Finally, the Court believes that Plaintiffs have overstated the extent to which one aspect of the record supports their position. Plaintiffs state that "the Magistrate Judge has already denied" MRD's request for a January 2022 trial date. (Doc. No. 254 at 1). For this statement, Plaintiffs cite to the Joint Proposed Case Management Order (Doc. No. 248) and the Court's previous order setting the trial target date (Doc. No. 250). It is true that the Court selected a trial date that did not align with MRD's request for a January 2022 trial, but it is something of a stretch to say that the Court *denied* such a request. Plaintiffs have a leg to stand on in characterizing it that way, but such characterizing is inaccurate to the extent that it implies that the Magistrate Judge, rather than happening to choose a date other than the one MRD requested, found MRD's requested date to be somehow flawed. The main point to be made here is that if the undersigned were to grant a January 2022 trial date pursuant to the Motion, it would hardly be going back on anything either he or the Magistrate Judge said previously.

The Court agrees with MRD that MRD has shown good cause for moving the target trial date, as its lead counsel is currently on call to try another case in federal court in Miami during the period covered by the target trial date. Of course, for any of a number of reasons, lead counsel may not end up going to trial at this time. But as of today (when the undersigned personally consulted the applicable docket), lead counsel is still expected to be able to try the case in Miami at that time. It seems likely that counsel for Plaintiffs has been in a similar situation, where counsel would have benefited from the understanding of the opposing counsel and the court regarding counsel's scheduling conflicts. And the Court does not find that Plaintiffs will be materially prejudiced by the granting of this Motion.

Additionally, the Court will not move the trial to a date earlier than January 2022 as Plaintiffs request. The deadline for dispositive motions and motions to decertify the conditionally certified class action is on May 21, 2021. (Doc. No. 250). Moving the trial date sooner, rather than later, will not allow the Court adequate time to rule sufficiently in advance of the trial date on the already pending Motion for Summary Judgment (Doc. No. 210) and any additional motions that might be filed in May 2021. MRD has stated its intent to file both a motion for summary judgment and a motion for decertification. (Doc. No. 255 at 3). Given its heavy caseload and myriad pending dispositive motions in other cases, decisions on dispositive motions in this case cannot be expected in time to permit preparation for a trial beginning before January 2022 anyway. Therefore, moving the trial date sooner, rather than later, is not feasible.

The Court grants MRD's Motion, which moved to continue a target trial date, and it will set a new trial date (and not merely a new target trial date) by separate order in January 2022.

## **CONCLUSION**

For the reasons discussed herein, the Court **GRANTS** MRD's Motion. A separate order will be entered setting a new trial date in January 2022.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE