IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL ALVARADO MARTINEZ, et al., | ) |
| Plaintiffs, | ) NO. 3:18-cv-00583 |
| | ) JUDGE RICHARDSON |
| v. | ) |
| FIRST CLASS INTERIORS OF NAPLES, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is Defendant MR Drywall Services, LLC ("MRD")'s Motion to Exclude Opt-In Plaintiff Karen Flores. (Doc. No. 263, "Motion"). The motion is unopposed. (*Id.*; Doc. No. 264 at 7; Doc. No. 260 at 2).

For the reasons discussed herein, the Court will grant Defendant MRD's Motion.

## BACKGROUND

In this conditionally certified collective action with two opt-in classes, Plaintiffs allege that Defendants' policies and practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). (Doc. No. 1 ¶¶ 1-2). Specifically, Plaintiffs allege that Defendants failed to pay Plaintiffs and members of the Overtime Class one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week during the relevant period. (*Id.* ¶ 50). Plaintiffs also allege that Defendants failed to pay Plaintiffs and members of the Overtime Class the federal minimum wage for all hours worked after clocking in, including hours spent attending safety meetings and performing other such work. (*Id.*). Plaintiffs allege that Defendants failed to pay Plaintiffs Castro and Martinez, and members of the Last Paycheck Class, for their final two weeks of employment. (*Id.* ¶ 49). Plaintiffs further claim that after members of the Last

1

Paycheck Class requested their wages, Defendants First Class Interiors of Naples, LLC ("FCI") and Jose Roberto Reyes terminated those drywall workers in violation of the FLSA's anti-retaliation provision. (*Id.* ¶¶ 86-92).

Defendant MRD properly noticed the deposition of Opt-In Plaintiff Flores. (Doc. No. 264 at 1). However, Opt-In Plaintiff Flores did not appear for her deposition, has refused to file a notice of voluntary dismissal of her claims, and instead wishes to remain as a litigant to this case.[1] (*Id.* at 2). In connection with Opt-In Plaintiff Flores' refusal to appear, the parties have filed two Joint Discovery Dispute Statements. (Doc. Nos. 258, 260). In ruling on the first dispute, the Magistrate Judge noted that Opt-In Plaintiff Flores should file a notice of voluntary dismissal, as it appeared she did not wish to pursue her claims. (Doc. No. 259). After it became apparent that Opt-In Plaintiff Flores was not willing to file a notice of voluntary dismissal, the Magistrate Judge held a telephone conference and granted Defendant MRD permission to file a motion to dismiss Opt-In Plaintiff Flores and select another member of the opt-in class to be deposed in her stead. (Doc. No. 262). Thereafter, Defendant MRD filed the present Motion, which is unopposed. (Doc. No. 263).

## **LEGAL STANDARD**[2]

---

[1] Though Opt-In Plaintiff Flores apparently wishes to remain a party to this action, her counsel—presumably understanding better than Opt-in Plaintiff Flores the ramifications of her actions—has reiterated that they do not oppose her dismissal for failure to appear at her deposition. (Doc. No. 264 at 3).

[2] Though the Motion is unopposed, the Court will still discuss the merits of the Motion and does not grant the Motion solely because it is unopposed. *E.g.*, *Beard v. HSBC Mortg. Servs., Inc.*, No. 1:15-CV-1232, 2017 WL 1900555, at *1 (W.D. Mich. Apr. 18, 2017) (discussing merits of unopposed motion brought pursuant to 41(b)), *report and recommendation approved*, No. 1:15-CV-1232, 2017 WL 1881468 (W.D. Mich. May 9, 2017); *see also Kalos, LLC v. White House Vill., LLC*, No. 3:20-CV-00812, 2020 WL 7027502, at *1 (M.D. Tenn. Nov. 30, 2020), *reconsideration denied sub nom. Kalos, LLC, v. White House Village, LLC, et al.*, No. 3:20-CV-00812, 2021 WL 1022752 (M.D. Tenn. Mar. 17, 2021) ("The Sixth Circuit is clear that even when a motion to dismiss is unopposed, a district court is not relieved of its duty to ensure that a defendant has met its burden for a 12(b)(6) motion.").

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court must consider several factors when determining whether to dismiss a plaintiff for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)).

## DISCUSSION

Defendant argues that all four factors weigh in favor of dismissal in this case, and Plaintiff does not oppose the Motion. (Doc. No. 264).

Regarding the first factor, "[f]or a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu*, 420 F.3d at 643 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). As Defendant MRD notes, Opt-In Plaintiff Flores has acted with bad faith, willfulness, or fault as her actions display both an intent to thwart judicial proceedings and a reckless disregard for the effect of her conduct on those proceedings by refusing to appear for a deposition and holding up discovery, while simultaneously wishing to remain as an Opt-In Plaintiff in this case. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, Defendant MRD has been prejudiced by Opt-In Plaintiff Flores' conduct because it has been unable to take discovery. Regarding the third factor, Opt-In Plaintiff Flores has received multiple warnings that her conduct may result in dismissal. The

3

Magistrate Judge has previously noted that dismissal may be appropriate in such a case. (Doc. No. 259). Plaintiffs' counsel has also warned Opt-In Plaintiff Flores that this might be a consequence of her refusal. (Doc. No. 264 at 5). Regarding the fourth factor, the Sixth Circuit has held that "[t]he sanction of dismissal is appropriate only if the attorney's [or, in this case, the plaintiff's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 589). No alternative sanction appears to be appropriate, as Opt-In Plaintiff Flores has indicated that she will not appear for a deposition and that she is unwilling to file a notice of voluntary dismissal. Therefore, the second, third, and fourth factors all weigh in favor of granting Defendant MRD's Motion.

As the Court finds that all factors weigh in favor of dismissing Opt-In Plaintiff Flores, the Court will dismiss her from the action.

## CONCLUSION

For the reasons discussed herein, the Court will grant the Motion and dismiss Opt-In Plaintiff Flores from this action with prejudice.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE